**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 18-4824**

───────────────

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff – Appellee,

　　　v.

SOEUTH ATH,

　　　　　　　Defendant – Appellant.

───────────────

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Timothy M. Cain, District Judge.  (7:16-cr-00776-TMC-3)

───────────────

Submitted:  April 25, 2022　　　　　　　　　　　　　Decided:  July 26, 2022

───────────────

Before GREGORY, Chief Judge, HARRIS, Circuit Judge, and KEENAN, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Mario A. Pacella, STROM LAW FIRM, LLC, Columbia, South Carolina, for Appellant.  M. Rhett DeHart, Acting United States Attorney, Leesa Washington, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Soeuth Ath appeals his convictions and life sentence for conspiracy to possess with intent to distribute and to distribute methamphetamine and marijuana, in violation of 21 U.S.C. § 846; possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(a); and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).

On appeal, counsel for Ath filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning (1) whether the district court properly overruled Ath's motion for a mistrial; (2) whether sufficient evidence supported Ath's convictions; (3) whether the district court properly overruled Ath's objections to his Sentencing Guidelines range; and (4) whether Ath's sentence was procedurally and substantively reasonable. Ath filed a pro se brief, raising several of the same arguments, as well as asserting that the district court failed to make individualized findings as to his attributable drug weight. After reviewing pursuant to *Anders*, we identified nonfrivolous issues regarding Ath's firearm conviction in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and the district court's forfeiture order. We ordered supplemental briefing from the parties on: (1) whether the district court's pre-*Rehaif* jury instruction regarding the knowledge element of Ath's firearm charge called into question the validity of his conviction for being a felon in possession of a firearm; and (2) whether the district court properly ordered forfeiture as a substitute asset of $2,528 seized from Ath when he attempted to flee the country, given that the jury determined that

2

this property was not subject to forfeiture as traceable proceeds of Ath's offenses.  We now affirm the district court's judgment.

We turn first to *Anders* counsel's initial claim that the district court improperly declined to grant a mistrial on the basis that the Government committed a potential violation under *Brady v. Maryland*, 373 U.S. 83 (1963), when it failed to disclose its summary of an interview with Ath.  We review a district court's denial of a motion for a mistrial for abuse of discretion.  *United States v. Saint Louis*, 889 F.3d 145, 155 (4th Cir. 2018).  "To succeed on a *Brady* claim, the defendant[] must establish that the evidence was (1) favorable to the accused, (2) suppressed by the government, and (3) material to the verdict at trial."  *United States v. Chavez*, 894 F.3d 593, 600 (4th Cir. 2018) (internal quotation marks omitted).  "Evidence is material under *Brady* if it could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict."  *Id.* (internal quotation marks omitted).  Based on these standards, we conclude that the district court did not abuse its discretion in declining to grant a mistrial on *Brady* grounds, as the omitted evidence merely duplicated evidence otherwise available to the defense and presented at trial and therefore was not material.

We turn next to the sufficiency of the evidence.  We review the denial of Ath's motion for judgment of acquittal de novo.  *United States v. Millender*, 970 F.3d 523, 528 (4th Cir. 2020).  In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the conviction when viewed in the light most favorable to the Government.  *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate

3

and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019) (cleaned up). In making this determination, we may not resolve conflicts in the evidence or evaluate witness credibility. *Savage*, 885 F.3d at 219. "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Id.* (internal quotation marks omitted).

To convict Ath under 21 U.S.C. § 846, the Government was required to prove: "(1) an agreement between two or more persons to engage in conduct that violates a federal drug law – here, to distribute or possess narcotics with intent to distribute; (2) the defendant's knowledge of the conspiracy; and (3) the defendant's knowing and voluntary participation in the conspiracy." *United States v. Hickman*, 626 F.3d 756, 763 (4th Cir. 2010) (internal quotation marks omitted). To convict Ath under 18 U.S.C. § 1956(h), the Government was required to establish: "(1) the existence of an agreement between two or more persons to commit one or more of the substantive money laundering offenses proscribed under 18 U.S.C. § 1956(a); (2) that the defendant knew that the money laundering proceeds had been derived from an illegal activity; and (3) the defendant knowingly and voluntarily became part of the conspiracy." *United States v. Farrell*, 921 F.3d 116, 136–37 (4th Cir. 2019). We have reviewed the record and conclude that sufficient evidence exists to support Ath's convictions under these two statutes.

At the time of Ath's conviction under 18 U.S.C. § 922(g), the Government only needed to prove: (1) knowing possession of a firearm; (2) in or affecting interstate or foreign commerce; and (3) that prior to possessing the firearm, Ath had been convicted of

4

a felony.  *See Rehaif*, 139 S. Ct. at 2195–96.  However, the Supreme Court has since clarified that "[i]n felon-in-possession cases after *Rehaif*, the Government must prove not only that the defendant knew he possessed a firearm, but also that *he knew he was a felon* when he possessed the firearm."  *Greer v. United States*, 141 S. Ct. 2090, 2095 (2021).  Because Ath was convicted before this clarification in *Rehaif*, the district court did not instruct the jury that the Government was required to prove that Ath knew of his status as a felon.

Ath did not object to the jury instructions, and we thus review this issue for plain error.  *Id.* at 2096.  "[A] *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon."  *Id*. at 2100.  At trial, Ath stipulated that he "had previously been convicted of a crime punishable by a term of imprisonment exceeding one year" and had "not been pardoned for that aforesaid conviction," nor had his right "to possess a firearm been restored."  J.A. 594.  Because Ath admitted that he knew he had a qualifying prior conviction at the time of the offense, we find no plain error under *Rehaif* and the evidence adduced at trial was otherwise sufficient to convict Ath of this offense.

We next consider the reasonableness of Ath's sentence.  We review "all sentences – whether inside, just outside, or significantly outside the Guidelines range – under a deferential abuse-of-discretion standard."  *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted).  In conducting this review, we must first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district

5

court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence," including any deviation from the Guidelines range.  *Id.* (internal quotation marks omitted).  If a sentence is procedurally sound, we then review the substantive reasonableness of the sentence.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  "When considering the substantive reasonableness of a prison term, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)."  *United States v. Arbaugh*, 951 F.3d 167, 176 (4th Cir. 2020) (cleaned up).  We "apply a presumption of reasonableness to a sentence within or below a properly calculated [G]uidelines range."  *United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017) (internal quotation marks omitted).  "That presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors."  *Id.* at 357–58 (internal quotation marks omitted).

Our review of the record convinces us that Ath's sentence is both procedurally and substantively reasonable.  First, the district court correctly overruled Ath's various objections to the calculation of the Guidelines range, including his objection to the leadership enhancement.  *See United States v. Burnley*, 988 F.3d 184, 188 (4th Cir. 2019). The district court otherwise properly calculated the applicable advisory Guidelines range and allowed both parties the opportunity to present their sentencing positions.  The court then clearly considered the parties' arguments in fashioning its sentence and sufficiently explained its chosen sentence.  Finally, Ath was sentenced within the properly calculated

6

Guidelines range, and he fails to rebut the presumption of reasonableness afforded to this sentence.

Finally, following the filing of supplemental briefs, we have reviewed the issue of forfeiture. Because Ath did not object to the forfeiture order, we review for plain error. *United States v. Bennett*, 986 F.3d 389, 397 (4th Cir. 2021). Pursuant to Federal Rule of Criminal Procedure 32.2(b), a district court may enter a preliminary order of forfeiture; if the defendant does not contest the order, it becomes final at sentencing. Where, as here, a case is tried before a jury and the Government has included a forfeiture notice in the indictment, a defendant may request that the jury determine the forfeitability of specific property. Fed. R. Crim. P. 32.2(b)(5)(A).

For the offenses involved here – money laundering and drug conspiracy – a court may order forfeiture pursuant to the procedures outlined in 21 U.S.C. § 853. *See* 18 U.S.C. § 982(a)(1), (b)(1). These procedures provide that a defendant shall forfeit any property that constitutes proceeds obtained, directly or indirectly, as a result of the defendant's offense or that the defendant used to facilitate the commission of the offense. *See* 21 U.S.C. § 853(a). However, if any of this property "cannot be located upon the exercise of due diligence"; "has been transferred or sold to, or deposited with, a third party"; "has been placed beyond the jurisdiction of the court"; "has been substantially diminished in value"; or "has been commingled with other property which cannot be divided without difficulty," *id.* § 853(p)(1), the court "shall order" forfeiture of "any other property of the defendant" that can satisfy the amount owed, *id.* § 853(p)(2). This section "is not discretionary; rather, the statute mandates forfeiture of substitute assets when the tainted property has been

7

placed beyond the reach of a forfeiture." *United States v. Alamoudi*, 452 F.3d 310, 314 (4th Cir. 2006) (internal quotation marks omitted). Accordingly, we conclude that the district court did not plainly err in ordering the forfeiture of $2,528 as substitute assets even though the jury did not determine that these were proceeds traceable to Ath's crime and therefore directly forfeitable. *See United States v. Candelaria-Silva*, 166 F.3d 19, 43 (1st Cir. 1999) ("[W]hen the government's attempt to forfeit the defendant's property directly [is] unsuccessful, the remedy [is] for the government to seek forfeiture of the same property as a substitute asset under § 853(p)."); *see also United States v. Rouse*, 362 F.3d 256, 263 (4th Cir. 2004) (recognizing, in absence of Supreme Court or Fourth Circuit authority, "decisions by other circuit courts of appeals are pertinent to the question of whether an error is plain" (internal quotation marks omitted)).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Ath, in writing, of the right to petition the Supreme Court of the United States for further review. If Ath requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ath.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*